# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMERY L. FRANKLIN III, | ) | 1:10cv0367 OWW DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| WESTON REID PATTERSON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Emery L. Franklin III ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed the instant action on March 2, 2010. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and names Weston Reid Patterson, Rhonda Patterson and William Patterson as Defendants.

## DISCUSSION

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

1

cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.      Plaintiff's Allegations

On December 17, 2008, while in federal custody, Plaintiff was taken from surgery and driven in a prison van. As the federal officer sped the van around M Circle in Merced, California, Defendant Weston Reid Patterson swerved into oncoming traffic in a Ford Explorer and hit the prison van. The federal officer allegedly tried to react by turning the steering wheel, but did not avoid the head-on collision.

Plaintiff, who was in the first row of seats behind the prison van driver, was in "full-body restraints-hand, leg, and waist irons in a black box." He was not able to brace for impact and was "heaved forward off the seat and slung backwards into the seat." The seat belt across his lower abdomen and the force of the crash caused his neck to snap and pain to his tail bone and lower back. Plaintiff alleges that his abdomen was injured from the impact of the wreck, the seat belt and the surgery he had undergone before the collision. He was unable to move. The officer dragged him from the prison van and back to prison. An ambulance was called and took him to the Emergency Room at Mercy Medical Center. Plaintiff underwent a CT Scan and was informed by Dr. Myers that he had damaged disks and a fractured vertebrae, but no internal bleeding. Plaintiff was released and returned to prison, where he sought medical treatment.

Plaintiff alleges that he was misdiagnosed in prison and his constitutional rights were violated. He has been in pain since the accident and he was fired from his job. He also alleges that he has anxiety, he is scared to do things because it might cause his disks to collapse and he frequently gets headaches.

Plaintiff seeks relief in the amount of $8,000,000, court fees, $35,000 for time and effort for this lawsuit, $2,000,000 for mental anguish, and future medical and psychological treatment. Plaintiff contends that the Ford Explorer driven by Weston Reid Patterson is owned and insured

by Defendants William R. Patterson and Rhonda Patterson.

C. <u>Analysis</u>

    1. <u>42 U.S.C. § 1983</u>

Plaintiff brings this action as a civil rights claim pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Generally, private parties are not acting under color of state law. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). "The United States Constitution protects individual rights only from *government* action, not from *private* action. Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." Id. at 746-47 (citing Brentwood Academy, 531 U.S. at 295 (2001)) (emphasis in original). Here, Plaintiff has named three "civilian" or private defendants, not government actors. Accordingly, he cannot state a claim pursuant to section 1983.

    2. <u>Jurisdiction</u>

Insofar as Plaintiff is attempting to assert a personal injury action against Defendants, the Court lacks jurisdiction over his claims. Federal courts are courts of limited jurisdiction. As a general rule, absent diversity of citizenship, federal law must create or play a necessary role in the cause of action pled by the Plaintiff in order for jurisdiction to lie in federal court. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). The personal injury claim plead against Defendants does not state a cause of action under federal law or "turn[] on some construction of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983).

Additionally, Plaintiff cannot establish diversity jurisdiction. Diversity jurisdiction requires that all parties to the action be "citizens" of different states. 28 U.S.C. § 1332. Plaintiff

3

alleges that the parties to the instant action are all citizens of California. As such, the Court lacks diversity jurisdiction.

Based on the facts alleged in this complaint, Plaintiff cannot prevail on a section 1983 claim and cannot establish this Court's jurisdiction over his stand-alone claims against the Defendants in this action. Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts alleged and that an opportunity to amend would be futile. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc). Accordingly, the Court recommends that the complaint be dismissed without leave to amend for failure to state a claim.

However, the Court recognizes that Plaintiff has at least one other action currently pending in this Court, which arises from and/or relates to the events alleged in the instant complaint, Case No. 1:10cv0142 YNP (PC). By this order, the Court does not consider whether Plaintiff could amend the complaint in that action to state a claim against Defendants or whether the Court would have supplemental jurisdiction over such claim(s). 28 U.S.C. § 1367.

### **RECOMMENDATIONS**

The Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 8, 2010**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE